## TOWN OF KIRKLIN ET AL. *v.* EVERMAN

[No. 27,437. Filed June 28, 1940. Rehearing granted and mandate modified October 8, 1940. Rehearing denied December 9, 1940.]

684

Ryan & Ryan and Robison & Robison, all of Frankfort; and Overson & Manning, of Kokomo, for appellants.

Thomas H. Fittz, of Indianapolis; and McClure & Shenk, of Kokomo, for appellees.

FANSLER, J.—The appellee Harold Everman brought this action for damages for personal injuries, and recovered judgment against the appellants Town of Kirklin, Indiana, and the Municipal Water Works Corporation of Kirklin, Indiana, for $4,500.

Each assigns error upon the overruling of a motion for a new trial.

There are four paragraphs of complaint, none of which was questioned by demurrer. The verdict was general, and it is therefore a verdict for the plaintiff upon all paragraphs of complaint, and, if the evidence is sufficient to sustain a verdict upon any one of the paragraphs, the verdict must stand as against attack by motion for a new trial because of insufficiency of the evidence.

It is alleged in the first paragraph of complaint, and it appears from the evidence most favorable to the plaintiff, that the Municipal Water Works Corporation of Kirklin is an Indiana corporation organized for the

purpose of erecting, operating, or leasing a waterworks plant; that it built a plant, which was leased to the Town of Kirklin, and which at the time of the injury complained of was operated by the Town of Kirklin; that one Johnson was an employee of the Town of Kirklin and was in general charge of and had supervision over the waterworks plant; that on the day the plaintiff was injured he went to the plant, by appointment, to see Johnson about employment at the plant; that, while they were talking, Johnson was working over a pit. He dropped a screw driver, which went down into the pit. He removed a board and asked and invited the plaintiff to go down into the pit and recover his screw driver for him. The plaintiff went into the pit, which was dark, and, after a few moments, reported to Johnson that he could not see the screw driver. Johnson handed him matches and asked him to light one of them so that he might see. The plaintiff lighted one of the matches, there was an explosion of gasoline fumes, and the plaintiff was badly burned. The pit housed a gasoline engine, which was fed with fuel from a gasoline tank buried outside the building. The gasoline fumes apparently collected because of a leak in the gasoline feed pipe. It appears that the tank on the outside of the building was higher than the feed pipe in the pit; that the tank had not been installed in conformity with the rules of the State Fire Marshal, which it appears would have required it to be below the surface of the outlet of the feed pipe. It is alleged in the first paragraph of complaint that the defendants and their agent carelessly and negligently buried the storage gasoline tank, and carelessly and negligently maintained and operated their pumping station in such a manner that the leakage of gasoline was permitted to seep into the pit causing fumes and vapors and dangerous gases to

accumulate therein; that the defendants and their agent, Johnson, knew, or, in the exercise of reasonable care, should have known, the danger involved in lighting matches in the pit, and that the plaintiff had no means of ascertaining the danger.

The allegations of the remaining three paragraphs of complaint were designed to charge the defendants with maintaining a nuisance, and that the plaintiff was injured as a result thereof. Not every dangerous agency is a nuisance, and we believe it can be said generally that an instrumentality maintained upon private premises may only be said to be a nuisance upon the ground that it is calculated to produce personal injuries when it is of such character, and so maintained, that it is reasonably and naturally calculated to injure the general public or strangers who may come upon the premises. But here it appears that the pit in which the dangerous situation was located was covered with protective boards or planks, and that it was not dangerous to the general public nor to strangers who might come upon the premises and use the premises as they were found; that it was only dangerous after the boards or planks which constituted the protective covering were removed, and then only dangerous to one who might descend into the pit and there ignite matches or in some manner ignite the gasoline fumes which were in the pit. A cistern with a heavy iron cover becomes a dangerous agency if the cover is removed, but it can hardly be said that a landlord is responsible for injury to one who comes upon his premises which are in possession of a tenant and falls into the cistern because the tenant has removed the protective covering without the knowledge or consent or cooperation of the landlord. The evidence discloses that the Town of Kirklin was in sole possession

of, and was operating, the waterworks plant at the time of the injury, and that Johnson was the agent of the Town of Kirklin. There was no evidence connecting Johnson with the Municipal Water Works Corporation of Kirklin, and no evidence that the corporation was managing or exercising any control over the plant at the time of the injury. It is alleged, and the jury must have concluded, that the Town of Kirklin knew, or should have known, of this situation, which was not dangerous at all except to one who might be sent into the pit and who might there use some instrument that would ignite the gas. The lessor, we think, had a right to assume that the lessee would not send its employees or guests into the pit with instructions to light matches.

If the fire which burned the appellee had resulted in damage to the lessee, Town of Kirklin, it could hardly be said that the lessor corporation would be liable to the town in damages. "It is the well settled general rule that the duties and liabilities of a landlord to persons on the leased premises by the license of the tenant are the same as those owed to the tenant himself. For this purpose they stand in his shoes. Visitors, customers, servants, employees and licensees in general of the tenant are on the premises as guests, etc., of the tenant, and not of the landlord. Whatever rights such invitation or license from the lessee may confer, as against such lessee, as against the lessor it can give no greater rights than the lessee himself has. The guest, servant, etc., of the tenant is usually held to be so identified with the tenant that his right of recovery for injury as against the landlord is the same as that of the tenant would be had he suffered the injury." 16 R. C. L., § 588, p. 1067. We believe the rule quoted to be sound and supported by the great

weight of authority. The pit in question may have been negligently constructed, but there is no liability for mere negligence that works no injury. If it was negligently constructed, it was so safeguarded by cover and planking that it was not reasonably calculated to injure strangers or those who might casually come upon the premises. Clearly it was not calculated to injure those who had notice of the danger, and the evidence is sufficient to sustain the jury's verdict that the tenant did have notice of the situation. It was not therefore a dangerous situation naturally calculated to work an injury and damage to the plaintiff. His injury resulted from deliberate removal of the boards or planking which protected against the perils of the pit, and his going into the pit and lighting a match at the invitation and suggestion of the agent of the tenant, who had knowledge, or was chargeable with knowledge, of the dangers incident to such a procedure.

The appellee contends that the lease between the Municipal Water Works Corporation of Kirklin and the Town of Kirklin is unlawful and void, but it cannot be seen that this affects the situation.

Mr. Johnson, the manager in charge of the plant, testified that he was in the pit, prior to the accident, many times daily. In view of the evidence concerning the construction of the tank and its relationship to the pit, and concerning the leakage and seepage of gasoline into the pit, together with the fact of the manager being in the pit on frequent occasions, cannot be said to be an insufficient basis for the jury's conclusion that the defendant Town of Kirklin had knowledge, or was chargeable with knowledge, of the dangerous condition.

The evidence was sufficient to sustain a verdict against the appellant Town of Kirklin upon the first

paragraph of complaint. But there is no evidence sufficient to sustain a verdict against the appellant Municipal Water Works Corporation of the Town of Kirklin upon any paragraph of complaint.

What has been said disposes of most of the questions presented by the appellant Town of Kirklin. By two instructions, tendered and refused, the appellants sought to have the jury instructed that, if the plaintiff voluntarily entered the premises for the purpose of seeking employment, he was a mere licensee. But these instructions do not conform to the facts. If he was told to come to the premises for the purpose of discussing employment, he was an invitee, even though he entered only for the purpose of seeking employment, and even though he entered voluntarily. But the important thing is that, regardless of how he came upon the premises, he was invited to go into the pit and light a match. There was no error in refusing these instructions. The appellants criticize instructions Nos. 25 and 26, which were given at the request of the plaintiff. They contend that these instructions omit the question of the authority of Johnson to invite the plaintiff to come upon the premises. But, as pointed out above, even if the plaintiff had been a trespasser, the question involved is whether or not Johnson had authority to invite him to go into the pit when he found him upon the premises. Instruction No. 25 is conditioned upon the jury's finding that Johnson was the agent of the town, and as such was running and operating the plant for the town. A corporation cannot be permitted to deny that its agent in charge of the operation of its works has authority to invite persons to render services on the premises or to invite persons on the premises. Instruction No. 26 is conditioned upon the jury's finding that the plaintiff was

upon the premises for the common interest of himself and the defendants or for their mutual advantage. Under such circumstances an invitation to enter the premises is implied, and this was explained to the jury by instruction No. 22, the correctness of which the appellants do not question. There is evidence that Johnson was the manager of the plant, and there is no substantial evidence to the contrary. It appears that the jury was fully and fairly instructed, and that they could not have been under any misapprehension as to the law governing the case.

Judgment affirmed as to the appellant Town of Kirklin, and reversed as to the appellant Municipal Water Works Corporation of Kirklin, with instructions to sustain the motion for a new trial.

NOTE.—Reported in 28 N. E. (2d) 73.

## ON PETITION FOR REHEARING.

FANSLER, J.—A petition for rehearing redirects our attention to certain instructions which are clearly erroneous, but which were not referred to in the original opinion for the reason that it was thought that they were directed to the second paragraph of the complaint, and that they could not have affected the result under the first paragraph, and that therefore the error in giving them was harmless. They were not referred to, since no good purpose would have been served by multiplying the reasons why a recovery upon the second paragraph could not be sustained. But it has been thought necessary to reconsider the question of the effect of these instructions in connection with the first paragraph of complaint.

By the principal instruction involved, the jury was told that the rules adopted by the State Fire Marshal,

regulating the installation and maintenance of storage tanks for gasoline, are the law of this state, and that if the defendants or either of them buried a tank contrary to the rules of the State Fire Marshal, and kept gasoline stored therein, such action was negligence per se, and that if such negligence proximately caused the injury the plaintiff should recover. The rules were introduced in evidence, and they provide that the tops of all gasoline storage tanks shall be at least three feet below the surface of the earth and below the level of the lowest pipe into the building to be supplied. There was evidence that the tank involved in this case was installed less than three feet below the surface.

The instruction is clearly erroneous. The Legislature cannot delegate the power to make laws. *Kryder* v. *State* (1938), 214 Ind. 419, 15 N. E. (2d) 386; *Town of Walkerton* v. *New York C. & St. L. R. Co.* (1939), 215 Ind. 206, 18 N. E. (2d) 799. Nor is this a case in which the Legislature has enacted a law and delegated to a ministerial body the duty of ascertaining the facts upon which the law will operate. In such a case disobedience would be in violation of the statute, and not of a rule of the ministerial board.

It is clear that the statute which authorizes the Fire Marshal to make rules for the safety of life and property was not designed or intended to convey law-making power upon the Fire Marshal. Section 20-807, Burns' 1933, § 9521, Baldwin's 1934. The rules are only enforcible by order in the same manner that other safety orders are enforced. The enforcement of orders is dependent upon notice, and opportunity is provided for a hearing and review by the courts.

Though the instruction is erroneous, if it affected only the second or subsequent paragraphs of complaint,

the error would not be sufficient to overturn the verdict and judgment upon the first paragraph.

But a re-examination of the first paragraph discloses that it contains two charges of negligence. First, that the gasoline tank was carelessly and negligently buried, with its top less than three feet below the ground level, and that it was above the pipes running into the building. This charge is repeated several times in different language. The instruction under consideration indicated to the jury that if the tank was buried as charged, it was negligence per se; and, following this instruction, if the jury believed that so burying the tank was the proximate cause of the plaintiff's injury, it was authorized to return a verdict for the plaintiff regardless of whether or not the plaintiff knew, or, in the exercise of reasonable care, should have known, of the dangerous condition that existed in the pit, and regardless of whether the jury believed that, in the absence of such a rule by the Fire Marshal, the installation of the tank conformed to the requirements of reasonable care. Under the evidence, the jury may or may not have believed that the Town of Kirklin knew, or, in the exercise of reasonable care, should have known, of the danger of an explosion in the pit. Under this instruction the jury may have concluded that, while the tank could not have been considered as having been negligently installed from the standpoint of men of ordinary prudence, and although the town and its agents had no knowledge, and were not reasonably chargeable with knowledge, of a dangerous condition in the pit, nevertheless the manner in which the tank was installed proximately caused the gasoline to accumulate in the pit and the injury to the plaintiff, and that therefore the plaintiff was entitled to a verdict under the first paragraph of complaint upon the allegations

of negligence in failing to bury the tank at least three feet underground. Since the failure to comply with the rule of the Fire Marshal was not negligence per se, and since it was the duty of the jury to determine for itself whether the tank was negligently installed, it cannot be said that the instruction may not have influenced the jury to an erroneous conclusion in arriving at its verdict upon the first paragraph of complaint.

Having reached this conclusion, it follows that the mandate in the original opinion must be modified, and the trial court is directed to sustain the motion for a new trial of both defendants.

NOTE.—Reported in 29 N. E. (2d) 206.