DeMOSS *v.* COLEMAN ET AL.

[No. 20,254. Filed May 31, 1966. Rehearing denied June 8, 1966. Transfer denied September 27, 1966.]

*Ralph M. Koehne,* of Evansville, for appellant.

*McCray, Clark, Statham & McCray,* of Evansville, for appellees.

SMITH, C.J.—This is an action brought by the appellant against the appellees to recover damages for personal injuries, alleged to have been sustained by the appellant, resulting from a fall which occurred on real estate owned and under control of the appellees, a portion of which was leased to the appellant and her husband.

The appellant's third amended complaint was in two pleading paragraphs. The first paragraph was predicated upon the theory of negligence; and the second upon the theory of nuisance. The appellees filed a demurrer to the second paragraph which was sustained by the trial court. The appellant refused to plead over and a judgment against the appellant was duly rendered thereon which reads as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court, that defendants' demurrer to the second paragraph of plaintiff's third amended complaint having been sustained and plaintiff having refused to plead over on her second paragraph of said complaint, that judgment be and is hereby rendered against plaintiff on her second paragraph of complaint and that plaintiff take nothing of the defendants on said second paragraph of complaint and the cost of this action be and the same is assessed against plaintiff, Naomia DeMoss."

The cause was submitted to a jury for trial on the first paragraph of complaint, and the jury returned a verdict against the appellant. A judgment was duly rendered against the appellant on the first paragraph of complaint, and no appeal was perfected therefrom.

The appellant filed a motion for a new trial which in pertinent part reads as follows:

"Plaintiff, Naomia DeMoss, moves the court for a new trial herein upon the following grounds: The Court erred in sustaining the defendants' demurrer to the second paragraph of plaintiff's third amended complaint."

The sole assignment of error is the overruling of the motion for a new trial. The specific error complained of is that the trial court erred in sustaining appellees' demurrer to

the second paragraph of her third amended complaint. The appellant in answer to this alleged error contends that her second paragraph of complaint based upon the theory of nuisance states a good cause of action against the appellees.

In substance the second paragraph of the third amended complaint avers, that after the appellant had taken possession of and had begun occupying the rental premises owned by the appellees, that the appellees abrogated the right to use the original passageway, as a means of ingress and egress to and from said rental premises, prescribed by the appellees for such use, and had substituted therefor an unsafe passageway, the use of which resulted in the appellant's injuries. That by their acts, the appellees created and imposed a nuisance upon the appellant in that the substituted passageway obstructed and essentially interfered with plaintiff's enjoyment and use of the rental property.

The record evidence discloses that the appellees owned the real estate and the leasehold premises in question. There were two dwelling houses located on the premises, the one at the front of the premises occupied by the appellees, and the other, located at the rear of the premises, which was leased to the appellant and her husband, was a frame bungalow located approximately one hundred and twenty feet to the rear of the appellees' residence. The entrance to and exit from said bungalow was had by passing to and from the premises occupied by the appellees. Pursuant to an oral agreement between the appellant's husband and the appellees, in March 1959 the appellant and her husband moved into and began occupying the bungalow as their living quarters. By the terms of said oral agreement, the appellant and her husband were granted the right to occupy the leasehold premises in exchange for services as a yard man to be performed by the husband of the appellant.

Immediately adjacent to the appellees' property was an open field which was also owned by the appellees. The resi-

dential property and the open field were separated by an open ditch and ridge of dirt which was approximately fourteen to twenty inches in width and fourteen to twenty inches in depth, and the ridge of dirt, running along the ditch, was approximately ten to eighteen inches in height.

The record evidence further reveals that at the time when the appellant and her husband took possession of frame bungalow they were granted the right by the appellees to use the front driveway as a means of ingress and egress to and from their rental residence. This right of ingress and egress continued for some time; however, some time later the appellees abrogated said right and the appellant and her husband were ordered and instructed to cease using the driveway and were ordered to drive their automobile on the street adjacent to the open field and park said automobile on the open field at a place approximately sixty-five feet from their rental residence. The appellant and her husband were further instructed to use this means of ingress and egress to and from their rental residence. This situation prevailed until August 9, 1959, at which time the appellant and her husband parked in the open field and, upon proceeding to their residence, the appellant slipped and fell into the open ditch which separated the open field from the residential property of the appellees.

The sole question we are called upon to determine in this appeal is whether the second paragraph of the appellant's complaint, based on a nuisance theory, was sufficient to state a cause of action.

Burns Ind. Stat., Vol. 2, Part 1, 1946 Replacement, Section 2-505, defines a nuisance as follows:

> "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."

Although the language employed in this statute is general and potentially could be construed to give a cause of action to a large ambit of persons, we are however compelled to review an earlier pronouncement of our Supreme Court concerning the coverage of the provisions of this statute.

In *Town of Kirklin* v. *Everman* (1940), 217 Ind. 683, 28 N. E. 2d 73, the Court said:

"Not every dangerous agency is a nuisance, and we believe it can be said generally that an instrumentality maintained upon private premises may only be said to be a nuisance upon the ground that it is calculated to produce personal injuries when it is of such character, and so maintained that it is reasonably and naturally calculated to injure the general public or strangers who may come upon the premises."

In the case at bar the appellant was not a stranger or a member of the general public but rather she was a tenant. It cannot be said that the ditch was a nuisance to her. It did not injure any property right she had in the premises. If the appellant was to recover on any theory it should have been on the theory of negligence. That being the case, the cause was tried and submitted to a jury on the theory of negligence and, after proper instructions, the jury found that the appellees were not negligent.

In light of *Kirklin, supra,* we therefore hold that the trial court was correct in sustaining the appellees' demurrer to the second paragraph of the appellant's third amended complaint and that the judgment of the trial court should be affirmed.

Affirmed.

Bierly, J., Hunter, J. and Mote, J., concur.

NOTE.—Reported in 216 N. E. 2d 861.