**Roger EMBER and Jane Ember, Appellants (Plaintiffs),**

**v.**

**B.F.D., INC., Appellee (Defendant).**

**No. 2–883–A–291.**

Court of Appeals of Indiana, Second District.

April 21, 1988.

Earl Raskosky, Fort Wayne, for appellants.

John F. Lyons, John M. Clifton, Jr., Thomas M. Kimbrough, Barrett, Barrett and McNagny, Fort Wayne, for appellee.

ON REHEARING

BUCHANAN, Judge.

As author of *Ember v. B.F.D., Inc.* (1986), Ind.App., 490 N.E.2d 764, I would modify the opinion by omitting that part which states that "we ground our reversal of the summary judgment solely on the

basis of the failure to take into account the possible assumption of a gratuitous duty to protect persons outside the Pub's premises...." *id.* at 771. Also, I would ground our reversal of the summary judgment on those authorities discussed in the opinion which support additional bases of possible liability, to wit, premises liability, dangerous activity, and nuisance. Judge Shields, however, stands on the opinion as written.

Rehearing denied.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

For the reasons set forth in my dissenting opinion to the original decision published March 13, 1986, I dissent from the denial of the Petition for Rehearing.

In addition I would express my disagreement with the suggested modification proposed by Judge Buchanan. If I interpret the proposed modification correctly, it would reverse the summary judgment upon each and every conceivable basis of liability contained in the complaint. In so doing, the modification would require a trial upon the merits upon each theory advanced by the Embers.

The breadth and vagueness of the proposed modification make it, in my view, ill advised. It merely suggests that the summary judgment is erroneous in every respect—even as to possible theories or bases not discussed in the original opinion.

Because I dissent to the denial of rehearing and because Presiding Judge Shields does not concur in the proposed modification, the posture of the case, pending possible transfer to the Supreme Court, is as disclosed in the opinion of March 13, 1986.