Jennifer SUSLOWICZ By Next Friend Walter SUSLOWICZ, Appellant, (Plaintiff Below),

v.

Barbara MIELCAREK, Appellee, (Defendant Below).

No. 64A03–9009–CV–413.

Court of Appeals of Indiana, Third District.

May 28, 1991.

Glenn J. Tabor, Roger A. Weitgenant, Blachly, Tabor, Bozik, & Hartman, Valparaiso, for appellant.

Harry J. Jennings, Theresa L. Springman, D. Linden Barber, Spangler, Jennings & Dougherty, P.C., Merrillville, for appellee.

HOFFMAN, Presiding Judge.

Plaintiff-appellant Jennifer Suslowicz appeals a summary judgment entered in fa-

vor of defendant-appellee Barbara Mielcarek in Jennifer's action claiming damages for personal injuries. Jennifer claimed that Barbara's mailbox was negligently situated so as to endanger those traveling on the adjacent road and that the mailbox constituted a public nuisance. Review of a summary judgment requires an appellate court to employ the same standard as the trial court by determining whether a genuine issue of material fact exists, and any doubt in this regard must be resolved in favor of the non-moving party. *Jackson v. Warrum* (1989), Ind.App., 535 N.E.2d 1207, 1210; *Lee v. Schroeder* (1988), Ind.App., 529 N.E.2d 349, 352. On review, the facts alleged by the opponent to the summary judgment must be taken as true. *Lee, supra*, 529 N.E.2d at 353. However, summary judgment may be proper when conflicting facts and inferences exist as to some elements of a claim if there is no dispute as to facts which are dispositive of the matter. *Id.* at 352.

■ For purposes of summary judgment the facts relevant to the appeal disclose that on July 21, 1986 Jennifer, who was approximately 11 years old, was a passenger in the family pickup truck driven by her teenage brother, Wally. Wally was driving Jennifer to softball practice. After Wally exited the driveway, he proceeded slowly on the paved portion of the road while he attempted to place a dry shirt under Jennifer because her seat was wet. Before Jennifer could get situated, the right side of the truck collided with Barbara's mailbox. Jennifer's arm was resting inside of the truck door. The truck's right outside mirror collapsed on Jennifer's arm causing severe injury.

At the time of the incident, Barbara's mailbox was perched on a pole. Although she had never measured the distance, Barbara estimated that the pole was placed approximately four or five feet from the paved portion of the road. The mailbox was large to accomodate an accumulation of mail. The mailbox was custom constructed of welded metal, placed on a pipe and encased in cement below ground. The mailbox was constructed to echo the design

of Barbara's home. Barbara was never notified by the postal service that her mailbox did not conform to postal regulations. Prior to the incident, Barbara could drive her lawnmower with a 26-inch blade between the mailbox post and the road without driving onto the paved portion of the road. During the winter, Barbara had received notices on two or three occasions that her mail could not be delivered because snow blocked the mail carrier's access to the box.

In April 1987, Jennifer by her father, Walter Suslowicz, filed a complaint against Barbara maintaining that Barbara's mailbox was negligently constructed and situated so as to create a dangerous condition for those lawfully traveling on the adjacent road. Jennifer, Wally, Walter, and Barbara were deposed. In September 1989, Barbara moved for summary judgment. In Jennifer's response to Barbara's motion for summary judgment, Jennifer alleged that the mailbox constituted a nuisance which obstructed and interfered with travel on the public highway. Further, Jennifer alleged that a question of material fact existed as to whether the mailbox obstructed the road. A hearing on the summary judgment motion was held April 30, 1990. The trial court granted summary judgment on June 6, 1990.

The trial court's order on summary judgment focused on the question whether the mailbox constituted a public nuisance. Finding that the mailbox was not placed within the traveled portion of the road, that the mailbox was placed in conformity with postal regulations, and that placement of the mailbox did not violate any state, county or local ordinance, the court concluded that the mailbox placement did not constitute a nuisance entitling Barbara to summary judgment as a matter of law.

The trial court relied upon *Black v. City of Berea* (1941), 137 Ohio St. 611, 32 N.E.2d 1. In *Black* the Supreme Court of Ohio reversed a judgment against the city after the plaintiff brought suit alleging that the city failed to require removal of a mailbox which projected so closely to the road that it constituted a nuisance. At trial the plaintiff recovered for injuries to her arm which she sustained as a passenger in an

automobile. In reversing the award, the court found that the position of the mailbox was not subject to control by the city; that the mailbox in question was placed in similar position as others on the road; that the exact measurements of the mailbox and its distance from the paved portion of the road were entered into evidence at trial; that the exact measurements of the paved portion of the road were entered into evidence; that despite plaintiff's testimony that the tires remained on the paved portion of the road, two eyewitnesses testified and the jury found that the car's tires left the pavement before striking the mailbox; and that the plaintiff was negligent in placing her arm outside of the window. *Id.* at 6–8. In short, many factual disputes were resolved at trial. The court's decision in *Black* does not support entry of summary judgment in the present case.

■ Taking as true the facts most favorable to the non-moving party, genuine issues of material fact exist which must be resolved prior to a determination that the location of the mailbox was not negligence or a nuisance as a matter of law. Whether the truck could strike the mailbox, even if the truck's tires did not leave the pavement, is a question of material fact to be determined. If the collision was impossible under the factual circumstances presented through the depositions of the parties and witnesses, the trier of fact necessarily would be called upon to assess credibility as well. The factual determinations and credibility assessments preclude summary judgment in the present case.[1]

Accordingly, the cause should be remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STATON and BARTEAU, JJ., concur.

---

1. On appeal, neither party addresses the propriety of a cause of action for personal injuries based upon a claim that the mailbox constituted a nuisance. It appears that a private individual may recover damages caused by a public nuisance when the individual suffers a harm different than that suffered by the public in general. *See Town of Rome City v. King* (1983), Ind.App., 450 N.E.2d 72, 77. Jennifer argues in her appellant's brief that the mailbox constituted a public nuisance.