**Daniel T. BERESFORD and Debra L. Beresford, Appellants (Plaintiffs Below),**

v.

**Richard STARKEY and Janet Starkey, Appellees (Defendants Below).**

No. 32S01–9104–CV–323.

Supreme Court of Indiana.

May 30, 1991.

Richard L. Norris, John M. Choplin, II, Norris, Choplin & Johnson, Indianapolis, for appellants.

William H. Kelley, James L. Whitlatch, Bunger, Robertson, Kelley & Steger, Bloomington, for appellees.

SHEPARD, Chief Justice.

The trial court instructed the jury in this case that appellants Daniel and Debra Beresford were licensees on the land of Richard and Janet Starkey and thus entitled only to protection against wanton and willful conduct. We hold that the Beresfords were invitees and thus entitled to reasonable care.

On September 20, 1991, the Starkeys hosted a party for a group of friends at their cottage on Lake Maxinkuckee. Daniel and Debra Beresford were two of the guests they invited to the party. Late in the evening, the Starkeys and some of their guests decided to take a swim in the lake. When the swimmers were entering the lake, the water was murky, and no outdoor lights reached the water. Some of the swimmers entered the lake by jumping from a dock that extended over a hundred feet into the lake. Other swimmers, including Janet Starkey, dived into the water from the same dock. After entering the lake, the Starkeys and their guests stayed low in the water to keep warm. Their

position in the water suggested that they were treading in deep water, although the water was really only about three feet deep. Rich Starkey testified that he thought about yelling to the people entering the water to be careful about diving in shallow water, but after doing a "quick mental check" he concluded that everyone had been swimming there before and that there was no reason to say anything.

After a number of people were already in the water, Dan Beresford dived in. His dive rendered him a quadriplegic. Dan had never before dived or jumped from this dock or swam in the area immediately around it.

The Beresfords sued the Starkeys for negligence. They also requested damages on the basis that the dock was a nuisance. The trial court rendered judgment on the evidence against the Beresfords on their nuisance count. A jury returned a verdict against the Beresfords on their negligence count. The Court of Appeals affirmed. *Beresford v. Starkey* (1990), Ind.App., 563 N.E.2d 116. We grant transfer.

A principal question on appeal is what duty the Starkeys owed to Beresford. This case was pending here when we decided *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637. In *Burrell* we held that social guests are invitees and are entitled to a duty of reasonable care from landowners as that duty is defined in Restatement (Second) of Torts § 343. Beresford came onto the Starkeys' property at their express invitation. Consequently, we hold that Beresford was the invitee of the Starkeys, and that the Starkeys owed him a duty of reasonable care for the protection of his safety. The Beresfords objected to instructions about wanton and willful behavior; they asked that the jury be instructed on reasonable care. Beresford was entitled to jury instructions reflecting a duty of reasonable care.

Addressing other questions at issue, the Court of Appeals held that the trial court erred in excluding testimony about admissions of fault made by Janet Starkey. It also affirmed the trial court's judgment on the evidence with respect to the nuisance

count of the complaint. We affirm these determinations of the Court of Appeals. Ind. Appellate Rule 11(B)(3).

We remand this cause for a new trial on the negligence claim.

DeBRULER, DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., dissents without opinion.