M. CEBULA, Plaintiff,

v.

George BUSH, et al., Defendants.

Civ. A. No. 91–1112 (CRR).

United States District Court,
District of Columbia.

Dec. 9, 1991.

M. Cebula, pro se.

Jay B. Stephens, U.S. Atty. for District of Columbia, and John D. Bates and Thomas S. Rees, Asst. U.S. Attys., Washington, D.C., for federal defendants.

James F. Hibey and Frances C. DeLaurentis, Verner, Liipfert, Bernhard, McPherson & Hand, Washington, D.C., for American Film Institute.

William Chappelle Eugene Robinson, Fairfax, Va., for defendant Watergate Management.

Anthony R. Davenport and Melvin W. Bolden, Corp. Counsel's Office, Washington, D.C., for D.C. defendants.

Frederick H. Schuster and James Morrison, General Counsel's Office, WMATA, Washington, D.C., for defendant WMATA.

Daniel W. Cotter, Fairfax, Va., for defendant John F. Kennedy Center.

Michael P. Balady, Robertson, Notarius and McNeil, Arlington, Va., for defendant Union Station.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court are the Motions to Dismiss [1] filed by the federal defendants [2] in this action, and by the Kennedy Center for the Performing Arts ("Kennedy Center"), Union Station Venture Limited ("Union Station"), Lasalle Partners Asset Management Limited ("Lasalle") [3], Watergate Management ("Watergate"), Gay and Lesbian Activists Alliance ("GLAA"), and the American Film Institute ("ALI"), and the plaintiff's responses thereto.

Upon careful consideration of the submissions of the parties, the applicable law, and the entire record herein, the Court finds that the defendants are entitled to summary judgment. Accordingly, the Court shall grant the motions before it and dismiss the plaintiff's remaining claims.

## I. Background

The plaintiff alleges that she was severely attacked and robbed by "unnamed rogue defendants" while using the public streets and metro system of the District of Columbia on October 11, 1990 when she was returning home from a program sponsored by the American Film Institute at the Kennedy Center. She originally filed this complaint in the Superior Court for the District of Columbia against nineteen various defendants for failure to maintain a safe environment.

This case was removed to this Court by the federal defendants on May 15, 1991. In its Order of October 7, 1991, this Court dismissed a number of the claims in this action pursuant to Local Rule 108(b). Other claims were dismissed for failure to effect service of process on October 9, 1991. *See* Orders filed October 7, 1991, and October 9, 1991.

1. Because the plaintiff and defendant Watergate Management included evidence beyond the pleadings in their submissions, the Court shall treat the Motions to Dismiss as Motions for Summary Judgment under Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).

2. The federal defendants who filed the motion are the President of the United States, George Bush, the Vice President of the United States, Dan Quayle, the Environmental Protection Agency, the Immigration and Naturalization Service, and the Department of Transportation.

3. Union Station and Lasalle are the private owner and property manager of the Union Station Shopping Mall in the District of Columbia.

## II. *Analysis*

Summary judgment is appropriate if the moving party shows that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The Court must believe the non-movant's evidence and draw all justifiable inferences in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

The Kennedy Center, Union Station, Lasalle, Watergate, GLAA, ALI, and the federal defendants argue that they had no duty to protect the plaintiff on the public streets of the District of Columbia. In the plaintiff's complaint, she does not state where she was when the incident occurred, but apparently it occurred at or near the intersection of F and 9th Streets, Northeast in the District of Columbia. *See* Watergate's Response to Show Cause Order, Ex. 12 at 5 (Pl.'s Resp. to Interrogatories).

The plaintiff apparently does not know the identity of her attackers, the "unnamed rogue defendants" in this action. Since their identities are unknown, they cannot be defendants in this civil action.[4] The basis of plaintiff's claim against the named defendants seems to be that they were negligent for failing to provide her with a safe environment on the public streets of the District of Columbia.

■ In the District of Columbia, the general rule is that "a private person does not have a duty to protect another from a criminal attack by a third person." *Kline v. 1500 Massachusetts Avenue Apartment Corp.*, 439 F.2d 477, 481 (D.C.Cir.1970). A defendant can be held liable for damages resulting from intervening criminal acts of third parties only if the event is foreseeable and the defendant had a duty to take measures to guard against it. *Romero v. National Rifle Ass'n of America, Inc.*, 749 F.2d 77 (D.C.Cir.1984). *See also District of Columbia v. Doe*, 524 A.2d 30, 32–33 (D.C.App.1987); *Lacy v. District of Columbia*, 424 A.2d 317, 323 (D.C.App.1980). The foreseeability of harm must be more precisely shown where there is intervening criminal conduct than in the typical negligence situation. *Doe*, 524 A.2d at 33.

■ In this case, the plaintiff has failed to demonstrate that any of the defendants owed her a duty of care, or that the harm that befell her was foreseeable to any of them.[5] She does not allege that she was injured on the property of or in the immediate vicinity of any of their property at the time of the crime. While in a city with a high crime rate it might be foreseeable that any given person returning from an evening at the Kennedy Center might be the victim of a violent crime somewhere, it was not foreseeable that she would be the victim of a violent crime at or near the intersection of F and 9th Streets, Northeast.

■ The defendant landowners have no duty to protect a person who passes through their property from crime, off of

---

**4.** The plaintiff cites a number of criminal cases in her pleadings. To the extent she cites these to support her civil action against the named defendants, criminal law is not applicable. To the extent she is referring to the criminal responsibility of her attackers for their crime, they are irrelevant as the attackers are not defendants to this action, and their criminal responsibility is not an issue that can be addressed in this civil lawsuit.

**5.** The case of *Ember v. B.F.D., Inc.*, 490 N.E.2d 764 (Ind.App.1986), modified on rehearing, 521 N.E.2d 981 (Ind.App.1988), relied upon by the plaintiff, does not support her position. In that case an Indiana court held that ordinarily the liability of a tavern owner to protect its patrons does not extend beyond its boundaries. However, the tavern owner is liable for injuries sustained by a customer from a criminal attack in a parking lot across the street where there has been a gratuitous assumption of duty. *Id.* at 769–70. The court also suggested other ways a tavern owner could be liable for injuries off of his or her property. *Id.* at 772–73.

In addition to the fact that the case is not binding authority in this jurisdiction, it is easily distinguishable from the situation at hand. A tavern owner has a special duty to its customers. *Id.* at 769. The plaintiff asserts no special duty owed her by any of the defendants, nor has she claimed that the defendants gratuitously assumed a duty of care toward her. Also, while the injury in *Ember* was not on the tavern's premises, it occurred very nearby. The plaintiff in this case was not in the immediate vicinity of any of the premises owned by any of the defendants when the incident occurred; therefore injury to her was not foreseeable.

their property, anywhere in the city. None of the defendants could have foreseen that the plaintiff would have been attacked where she was, and none of them had any duty to ensure her safety in that area. The plaintiff has not shown that these defendants knew of or were in any way responsible for a particular danger to her that they could have remedied in any way.

The Court is truly sympathetic with the plaintiff, and deeply regrets that she was the victim of this crime. But she has demonstrated no cognizable legal claim against any of these defendants, and no connection between them and her attack or her attackers, aside from the fortuitous fact that she had come from an ALI program at the Kennedy Center and (presumably) passed through the Watergate complex and Union Station on her way home. This does not make the defendants liable for the crime she suffered. The only connection she seems to assert between her injury and the Gay and Lesbian Activists Alliance is that she believes her attackers were gay. This belief states absolutely no claim against GLAA, a civil rights organization against which no involvement in the incident is even alleged, and whose property was not the site of the incident. The plaintiff's claim with respect to the federal defendants equally lacks merit. The plaintiff fails to assert any direct link whatsoever between any acts or omissions of the defendants and the harm that befell her.[6]

Accordingly, there are no material facts in dispute and all of the remaining defendants are entitled to summary judgment as a matter of law.

### III. *Conclusion*

For all of the reasons previously set forth herein, the Court shall dismiss this case with respect to all remaining defendants.

---

[6]. Because the Court shall dismiss the plaintiff's claims against the federal defendants on the merits, it does not reach their arguments that the plaintiff's claims against them must be dis-

missed for lack of subject matter jurisdiction. *See* Federal Defendants' Motion to Dismiss at 2–4.