**SAND CREEK PARTNERS, L.P.; Sand Creek, Inc.; Sunshine Promotions, Inc.; and Pacers Basketball Corporation, d/b/a Market Square Arena, Appellants–Defendants,**

v.

**Tony FINCH and Lisa Finch, Appellees–Plaintiffs.**

No. 29A02–9407–CV–439.

Court of Appeals of Indiana, Third District.

March 23, 1995.

Michael K. Lulich, Lulich, Murphy & Dowling, Indianapolis, for appellant.

Harry A. Wilson, Jr., Wilson Kehoe & Winingham, Indianapolis, for appellee.

## OPINION

STATON, Judge.

Sand Creek Partners, L.P., Sand Creek, Inc., Sunshine Promotions, Inc., and Pacers Basketball Corporation d/b/a Market Square Arena (collectively "Sand Creek")[1] bring an interlocutory appeal from the trial court's denial of their motion for summary judgment. Tony and Lisa Finch (collectively "Finch")[2] sued Sand Creek for personal injuries sustained in a traffic accident. The accident occurred on a public highway as Finch left Deer Creek Music Center ("Deer Creek"). Sand Creek raises two issues on appeal which we consolidate into one and

---

1. Sand Creek, Inc., is a general partner of Sand Creek Partners, L.P., which owns Deer Creek Music Center. Pacers Basketball Corporation d/b/a Market Square Arena has contracted with Sand Creek, Inc., to run the day-to-day operations of the Deer Creek Music Center.

2. Lisa Finch was not in the accident. For brevity, we refer to the couple as "Finch" when discussing their legal arguments, but we refer only to Tony when we discuss the accident.

restate as follows: whether the trial court erred in denying summary judgment to Sand Creek on whether Deer Creek, as operated, constitutes a public nuisance which caused Finch's injuries.

We reverse and remand.[3]

The facts most favorable to the nonmovant, Finch, are as follows. Finch and two friends, Mike Johnston and Frank Beatty, went to Deer Creek to attend a concert. After the concert ended around 11:00 p.m., the men got in Finch's car to go home. Johnston, who was not intoxicated, drove Finch's car as they exited the venue while Finch slept in the back seat. Deer Creek lot attendants directed Johnston to exit Deer Creek from the north on Boden Road; Johnston had to take the Boden Road exit. From Boden Road, attendants directed Johnston east to State Road 38 joining traffic that led to the intersection of State Roads 38 and 32. Upon approaching the intersection, Johnston saw cars ahead slowing for a stop sign without completely stopping and merging into the traffic on State Road 32. Johnston did likewise and was struck broadside by a car proceeding eastbound on State Road 32. The accident occurred three to four miles from Deer Creek.

Finch, seriously injured in the accident, brought suit against Sand Creek alleging negligence and nuisance in the operation and location of Deer Creek. Sand Creek sought summary judgment on the issue of nuisance; the trial court denied summary judgment and the order was certified for interlocutory appeal.

■ Sand Creek argues that the trial court erred in denying summary judgment on the issue of whether Deer Creek is a public nuisance. Sand Creek claims the nature of the accident precludes their liability on a nuisance theory. We agree.

Summary judgment is appropriate only when the moving party proves there are no genuine issues of material fact and they are

entitled to judgment as a matter of law. Ind.Trial Rule 56(C). Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194.

Sand Creek bears the burden of proving the following: the undisputed facts lead to the conclusion that Deer Creek, as operated, is not a public nuisance which caused Finch's injuries. Nuisance is defined by statute as follows:

[w]hatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action.

Ind.Code § 34-1-52-1. The law of nuisance creates problems of definition for courts and commentators. As stated by one expert, "[t]here is perhaps no more impenetrable jungle in the entire law than that which surrounds the word 'nuisance'." W. Prosser and W. Keeton, *Prosser and Keeton on Torts* § 86 (5th ed. 1984).

■ Finch alleges that Deer Creek is a public nuisance in fact. A public nuisance is caused by an unreasonable interference with a common right. *Blair v. Anderson* (1991), Ind.App., 570 N.E.2d 1337, 1339. A common right is one shared by the public at large.

---

**3.** We admonish counsel for Sand Creek that Ind. Appellate Rule 7.2(A)(3)(a) requires marginal notations on each page of the transcript indicating the name of each witness and whether the examination is direct or cross. With a record of this size, counsel's failure in this regard made our task much more difficult. Counsel's error, however, does not prevent us from reaching the merits of the appeal.

*Stover v. Fechtman* (1966), 140 Ind.App. 62, 222 N.E.2d 281, 284. A nuisance in fact is not a nuisance of itself, but becomes a nuisance in the manner in which it is operated. *Wernke v. Halas* (1992), Ind.App., 600 N.E.2d 117, 120. Whether an otherwise lawful use is a nuisance in fact is a question for the trier of fact for which summary judgment is rarely appropriate. *Id,* at 120–121. A private party may bring an action to redress a public nuisance by demonstrating peculiar injury apart from that suffered by the public.[4] *Blair, supra,* at 1339–1340.

Finch alleges that Deer Creek, as operated, is a threat to the general public. He claims that large crowds and hazardous means of egress to the venue establish this public danger. Beyond this, Finch does not identify what public right Deer Creek violates.

We first note that many facts which Finch alleges make Deer Creek a nuisance have no connection to his injury. Whether Deer Creek might constitute a nuisance under some imaginable factual situation is not relevant; Finch's allegations must indicate a causal connection between Sand Creek's violation of a public right and his injuries.[5]

█ In examining the statutory definition of nuisance, it becomes clear that an incredible breadth of conduct arguably fits under the label "nuisance", including most crimes and torts. Some limits must exist on the law of nuisance, to ascertain these limits we turn to our common law. We find the language of *DeMoss v. Coleman* (1966), 139 Ind.App. 346, 216 N.E.2d 861, *trans. denied,* instructive:

[a]lthough the language employed in [the nuisance] statute is general and potentially could be construed as to give a cause of action to a large ambit of persons, we are however compelled to review an earlier pronouncement of our Supreme Court concerning the coverage of the provisions of this statute. In *Town of Kirklin v. Everman* (1940), 217 Ind. 683, 28 N.E.2d 73, [*on reh.* 217 Ind. 683,] 29 N.E.2d 206, the Court said: 'Not every dangerous agency is a nuisance, and we believe it can be said generally that an instrumentality maintained upon private premises may only be said to be a nuisance upon the ground that it is calculated to produce personal injuries when it is of such character, and so maintained, that it is reasonably and naturally calculated to injure the general public or strangers who may come upon the premises.' [*Id,* 28 N.E.2d at 75.]

*DeMoss, supra,* 216 N.E.2d at 863. We read this language to require one claiming damages from a public nuisance to demonstrate that the agency as operated has more than a mere tendency to, or increased likelihood of, causing an injury. The alleged nuisance must cause injury as a reasonable and natural result of its operation.

The *Everman* case offers an apt illustration. In that case, Everman was injured while trying to retrieve a screwdriver from a pit. Unaware that the pit housed a gasoline engine, Everman lit a match to illuminate the fume-filled chamber. Our supreme court held that the pit was not a nuisance because it was only dangerous when uncovered and

---

4. It is undisputed that Finch suffered severe bodily injuries from the accident. Sand Creek argues that an action for nuisance can only be maintained if the claimant alleges an interference with a property right. While interference with a property right is necessary to establish a private nuisance, *Blair, infra,* a public nuisance only requires an interference with a common right. *Id; see also Suslowicz, infra* (public nuisance with allegation of personal injury).

Sand Creek also argues that they are not responsible for what occurs on the public highways. We disagree. If Deer Creek were a nuisance as alleged, Sand Creek could be responsible for resulting injuries though they occurred on public property. *See Gray v. Westinghouse* (1993), Ind.App., 624 N.E.2d 49, 53, *reh. denied*

(party causing nuisance is responsible though nuisance originates from city property).

5. This rule is intuitive as a plaintiff cannot argue factors creating a nuisance and then claim injury from other factors. As an example, were one to allege that a mailbox established nuisance per se by obstructing the roadways, the injury claimed must arise from the obstruction and not from, say, slipping into a hole around the base of the mailbox. *See Suslowicz, supra.* Finch's confusion in this area is evident by his allegations of drug use, public nudity, underage drinking, drunken driving, abandoned vehicles, and other events at Deer Creek which clearly have no connection to Finch's injuries.

the fumes ignited. *Everman, supra,* 28 N.E.2d at 75.[6]

■ Finch's case is similar. Finch's allegations reveal a danger only to those who ignore traffic laws. Finch makes no argument as to how the heavy traffic contributed to the accident except to say that the traffic set-up was inadequate. Finch does not answer the question of how Deer Creek caused Johnston to ignore the road sign or fail to notice the approaching car. The public generally assumes the risks created by ordinary crowds around a business and Finch has identified no facts which provide an exception to this rule. *Cf. Ember v. B.F.D., Inc.* (1986), Ind.App., 490 N.E.2d 764, 773, *mod. on denial of reh.* 521 N.E.2d 981, *trans. denied.*[7]

■ Further, we see no causal connection among Deer Creek, the dangerous intersection, and the accident. Generally, a party is only responsible for injuries proximately caused by the alleged nuisance. *Rust v. Guinn* (1981), Ind.App., 429 N.E.2d 299, 303, *trans. denied.* This accident occurred on a public highway more than three miles from the venue after Johnston disregarded a road sign and headed into harm's way. This does not make Deer Creek's operation "naturally calculated to injure." *Everman, supra.*

The few cases in which sufficient facts were alleged to proceed under a public nuisance theory illustrate the inherent danger required for public nuisance. *See Suslowicz by Suslowicz v. Mielcarer* (1991), Ind.App., 571 N.E.2d 1304 (mailbox obstructing highway caused collision). Deer Creek is more like those agencies of which no nuisance was found because the agency was only dangerous when used improperly. *See Everman* (fume-filled pit); *Beresford v. Starkey* (1990), Ind.App., 563 N.E.2d 116, *relevant portion affirmed on trans.*, 571 N.E.2d 1257 (dock and swimming area).

We conclude that Deer Creek, under these facts, was not naturally calculated to injure the general public. Finch's allegations establish no more than the dangers to those who disregard road signs and fail to abide by traffic laws. In so concluding, we make no statement as to the validity of Finch's negligence claim.

Reversed and remanded with instructions to enter summary judgment for Sand Creek on Finch's nuisance claim.

HOFFMAN and SULLIVAN, JJ., concur.

---

6. Finch argues that *Everman* is distinguishable because Sand Creek knew of the dangerous agency and took no action while the Town of Kirklin took action to protect those around the pit. We, however, do not rely on *Everman* as controlling precedent, we only employ a similar analysis. In addition, we believe, along with the *Everman* court, that for purposes of this nuisance claim, Sand Creek had the right to assume their patrons would follow traffic laws. Finch's argu-

ment of prior knowledge is more suited to support his negligence claim.

7. Though *Ember* dealt with patrons outside a tavern, the principle is similar. For example, absent further allegations, a crowded shopping mall could not be deemed a public nuisance and held responsible for traffic accidents on nearby roads.