## WALKER ET AL. *v.* ELLIS.

[No. 18,620. Filed October 3, 1955. Rehearing denied November 17, 1955. Transfer denied March 28, 1956.]

ARTERBURN, J.—(Dissenting Opinion.) I think the petition to transfer should be granted in this case. The question here is the extent of the liability of the lessor of land to third parties who are injured by conditions thereon when they come upon the land while in the possession of a lessee. This is an appeal from a judgment entered upon the sustaining of a demurrer to a complaint filed by the appellant. The appellant charged in her complaint that the appellee leased the premises in question to the lessee for the purpose of conducting a store for the sale of certain merchandise to the public generally. The walkway at the entrance of the store was so constructed that for a distance of 3½ feet it inclined or sloped approximately one foot from the door to the edge of the sidewalk. This passageway was constructed of concrete and painted and was alleged to be "slick and unsafe." The complaint further alleged that at the time of the leasing of the store all these facts were known or should have been known to the appellee, lessor. It is further alleged that the appellant slipped and fell in its passageway by reason of its condition.

The complaint states a patent and not a latent or concealed condition. From the allegations in the com-

plaint it may be assumed the lessee, as well as the lessor, knew or ought to have known of this condition. It was not alleged this was a hidden or concealed defect which the lessor failed to disclose to the lessee. There was no allegation that the lessor had any obligation under the terms of the lease to repair.

The general rule is that a lessor of land is not liable for harm caused to others on the land which has been leased, caused by any conditions on the land after the lessee has taken possession. I recognize there are certain exceptions to this general principle which stated briefly are: (1) Where the lessor has covenanted or agreed to eliminate the condition or keep the property in proper repair; (2) Where the lessor has concealed or fails to disclose the dangerous condition to the lessee; (3) Where the lessor leases land for purposes which involve the admission of large number of persons as patrons of the lessee and the lessor knew of the dangerous condition to such patrons, *"and had reason to expect that the lessee would admit his patrons before the land was put in reasonably safe condition for their reception."* Restatement of Law, Torts, §§356-359 inclusive.

The Appellate Court's opinion quotes the above Restatement of Law, Torts in part but does not set out or show that the complaint contained any allegations that bring it within such principle of law creating a liability on the part of the appellee. There is no allegation of facts showing that the appellee, as lessor, had reason to "expect that the lessee would admit his patrons before the land was put in reasonably safe condition for their reception"; or that the lessor had the obligation to repair or that the condition was concealed or latent. The complaint, for that reason, was defective, and the trial court properly sustained a demurrer thereto.

By the opinion in this case the courts are put in the paradoxical position of holding the owner or lessor of real estate liable to third parties for conditions thereon, and at the same time if the appellee, lessor, in this case, had attempted to alter, remodel, or change this condition, the lessee would have been entitled to an injunction preventing the lessor from disturbing his possession under the lease. Would the appellee in this case be entitled to have put a mat down in the doorway of the appellant's store building or scatter sand, cinders, or other materials in the lessee's doorway of his store? If the lessee thereafter had objected to such interference or alteration, would this have been a defense insofar as the appellant is concerned in this case when she brought her suit for damages against the appellee, owner? I feel there are too many important questions involved as the result of the principle announced in the Appellate Court's opinion for us to ignore all its implications. This is a new question for this jurisdiction. We should have the case transferred and give it further consideration.

NOTE.—Reported in 133 N. E. 2d 54.