STOVER *v.* FECHTMAN.

[No. 20,394. Filed December 28, 1966.]

*Parr, Parr & Richey,* of Lebanon and *Ralph Hamill* and *John P. Price,* both of Indianapolis, and *Hollowell, Hamill & Price,* of counsel of Indianapolis, all for appellant.

*Bredell, Martin & McTurnan* and *C. Wendell Martin,* both of Indianapolis, and *James L. Goodwin,* of Lebanon, all for appellee.

HUNTER, J.—The appellant brought this action in the lower court against the appellee seeking damages for the loss of services of his wife, Mrs. Stover. The appellant attempted to prove that the appellee was negligent in failing to repair the steps on which Mrs. Stover fell. The appellee owned the double and had orally leased one-half to the tenants (Mr. and Mrs. Smith) whom Mrs. Stover was visiting at the time she fell.

At the close of the appellant's evidence, the appellee filed a written motion for a directed verdict. The trial court sustained the motion instructing the jury to return a verdict for the appellee. The appellant filed a motion for new trial which was denied by the court. Subsequently, the appellant brought this appeal assigning the lower court's ruling on the motion for new trial as error, specifically asserting that the verdict was contrary to law, that the lower court erred in sustaining the motion for a directed verdict, and that the lower court erred in instructing the jury.

The law concerning a directed verdict is quite clear. A lower court may properly direct a verdict "when there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue. . . ." *Whitaker Admr.* v. *Borntrager* (1954), 233 Ind. 678, 680, 122 N. E. 2d 734. If on a review of the record, this court finds any evidence of legitimate inferences therefrom which support a theory of recovery for the appellant, then the trial court must be reversed. In so doing, this court will not weigh the evidence. We look only to the evidence and legitimate inferences most favorable to the appellant. *Huttinger* v. *G. C. Murphy Company* (1961), 131 Ind. App. 642, 645, 172 N. E. 2d 74.

In the facts at bar the appellant alleged that the appellee was negligent in failing to repair or warn Mrs. Stover of the defects in the stairs which allegedly caused her to fall. In order to recover on a thory of negligence, a plaintiff must prove that the defendant owed a duty to the plaintiff, that it was breached by the defendant and that said breach proximately resulted in injury or loss for which damages are sought. All the contentions in this appeal involve the question of whether the appellee was under some duty as to the appellant or in the absence of such a duty whether the evidence presents other theories of recovery.

In the facts at bar, in order to recover from the landlord-appellee on the theory of negligence in failing to repair, it

was incumbent on the appellant to prove that the appellee had expressly convenanted to repair the leased property. The law is well settled that in general a landlord cannot be held liable for negligence in failing to repair leased property in the absence of a covenant to repair. *Purcell* v. *English* (1882), 86 Ind. 34; *Gumberts* v. *Greenberg* (1953), 124 Ind. App. 138, 115 N. E. 2d 504; *Rene's Restaurant Corp.* v. *Fro-Du-Co Corp.* (1965), 137 Ind. App. 559, 210 N. E. 2d 385.

In viewing the evidence which might show such a covenant, we note that there is no written lease. Consequently, the oral testimony must be examined. The entirety of the testimony in the record most favorable to the appellant concerning the leasing agreement between the appellee-landlord and the tenant is as follows:

"Q. Now, on arriving at her home you may now state what Mrs. Fecht—or Mrs. Maley said?"

"A. Well, when we arrived, I told her we liked the place and we wanted to talk things over and I told her the paper was haing (sic—hanging) I think, it was in the dining room and I told her it needed papering and she said she wouldn't do no interior decorating and I said well we'll do the inside decorating but I won't do anything outside of that, I said that's all we can do."

"Q. And what did she say?"

"A. And she said well okay and I said now I'll give you reference Mrs. Maley if you wish it and I had my rent receipt from the last payment where we had just paid a month where we were and she said well I don't need no reference your face is reference enough and we rented the place and gave up our apartment."

. . .

"Q. Was there anything said at that time that you were there on her front porch before you moved in as to whom (sic—who) would take care of the outside of the premises?"

"A. Yes."

"Q. What was said?"

"A. I told her that I couldn't take care, she said she wouldn't do any inside decorating and I told her well I said I don't do plumbing or furnace work or anything else, this is all I'll take care of is redecorating."

We cannot agree with the appellant that this testimony shows an express covenant. While we do not think that an oral lease on a month to month basis should necessarily be viewed in the same manner as a written lease, there must be some indication that the landlord affirmatively accepted the duty to repair. The testimony above demonstrates that the appellee at no time made any statement in fact or one from which a reasonable inference could be drawn to the effect that she agreed to repair the premises. The testimony demonstrates that the appellee did not respond to Mrs. Smith, the tenant, in any affirmative manner; rather she merely acknowledged Mrs. Smith's statement.

The appellant contends that the evidence which showed that the appellee subsequently had the steps repaired should be considered as demonstrating that the landlord-appellee covenanted to repair. We are of the opinion that this evidence is not sufficient to prove an express covenant to repair. In the facts at bar without any evidence of a covenant at the inception of the lease, the most which the evidence of subsequent repairs could demonstrate is that the appellee covenanted to repair after the leasing agreement had been made. However, the appellant has failed to prove any consideration to support a covenant to repair made subsequent to the inception of the lease. See *Purcell* v. *English, supra.*

As we fail to find any evidence in the record to support the fact that appellee made a binding agreement to repair, the appellee was under no duty to repair the steps which caused Mrs. Stover to fall. Therefore, the directed verdict was proper in this regard.

The appellant also asserts that the evidence supports well recognized exceptions to the general rule that a landlord is not liable for injuries in the absence of a specific covenant to repair.

First, the appellant contends that the condition of the steps constituted an undisclosed latent defect which existed at the

time of the lease and that even in absence of a covenant to repair, the lessor is responsible for injuries arising from a latent defect. See *Guenther* v. *Jackson* (1920), 73 Ind. App. 162, 126 N. E. 873; Restatement of Torts, Second § 358. However, the record discloses that the defects on the steps were in plain sight. They were not the type defect which a lessee could not reasonably be expected to discover. Indeed, in proving that the defects existed at the time of the lease, testimony from third parties visiting the premises demonstrated that the defects were readily noticed. Therefore, we reject the appellant's contentions of error in this regard.

As another exception to the general rule that a landlord has no duty to repair leased premises in the absence of a covenant, the appellant asserts that the premises were leased with an existing nuisance, and that the appellee is responsible for injuries arising from such nuisances. Indiana has recognized this principle. See *Walker, et al.* v. *Ellis* (1955), 126 Ind. App. 353, 129 N. E. 2d 65, petition to transfer denied, 133 N. E. 2d 54.

The exact nature of this exception is difficult to discern. However, it can be no broader than the principles within nuisance concepts *per se*. The essence of a private nuisance is the fact that one party is using his property to the detriment of the use and enjoyment of the property of another. See §§ 2-505, 2-506 Burns' 1946 Repl. Certainly no recovery in the facts at bar can be based on the theory of a private nuisance. The defect on the steps could not be taken as an interference with the *property* of Mrs. Stover. Consequently, there was no actionable private nuisance. *De-Moss* v. *Coleman* (1966), 139 Ind. App. 346, 216 N. E. 2d 861, transfer denied.

To be actionable in the facts at bar the defective steps must have been a public nuisance. The condition of the steps must have interfered with the exercise of a public right. However, we fail to find an infraction of a public right. Mrs. Stover did not have any right shared in common

with the public at large to enter upon the property leased by the appellant. This property was not open to the public at large. The lessee did not engage in any business activity on the premises. The nature of the double was not that of a large tenant house or public building. Additionally, the condition of the steps was not such that it interfered with the public rights in the use of the sidewalks or the street. In this manner we differentiate the facts at bar from *Walker, et al.* v. *Ellis, supra,* and hold that there is no evidence to support this theory of recovery.

In regard to the appellant's contentions that the Administrative Building Council Statute appearing in § 20-416 *et seq.,* Burns' 1964 Repl. provides a further exception to the general landlord-tenant principles in this area, we can do no more than cite the fact that this court has previously construed the statutes to the contrary. *Fechtman* v. *Stover* (1964), 199 N. E. 2d 354.

Having reviewed the record, we find that the evidence fails to support any theory of recovery and that the lower court should be affirmed.

Judgment affirmed.

Mote, P. J., concurs.

Bierly, J., concurs in result.

Smith, J., concurs.

NOTE.—Reported in 222 N. E. 2d 281.