**David M. HUTCHENS and Rebecca J. Hutchens, Appellants–Plaintiffs,**

v.

**MP REALTY GROUP—SHEFFIELD SQUARE APARTMENTS, an Indiana Limited Partnership, Appellee–Defendant.**

No. 22A04–9502–CV–56.

Court of Appeals of Indiana.

Aug. 9, 1995.

Transfer Denied Dec. 21, 1995.

Robert A. Hutchens, Danville, for appellants.

William H. Kelley, Shannon L. Robinson, Kelley, Belcher & Brown, Bloomington, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants David M. Hutchens and Rebecca J. Hutchens (hereinafter collectively referred to as "Hutchens") appeal from the entry of partial summary judgment in favor of the Defendant–Appellee MP Realty Group—Sheffield Square Apartments, an Indiana Limited Partnership (hereinafter "Sheffield Square") in their premises liability action.

We affirm.

### ISSUE

One issue is dispositive of this appeal: Whether, considering all designated evidence in the light most favorable to Hutchens, Sheffield Square is entitled to judgment as a matter of law as to Hutchens's nuisance claim.

### FACTS AND PROCEDURAL HISTORY

This is a personal injury action whereby David Hutchens (hereinafter "Dave"), the social guest of a Sheffield Square tenant, was injured on the common area playground at Sheffield Square and brought claim against Sheffield Square as the landlord/owner of the premises.

Sheffield Square Apartment complex consists of numerous multi-family apartment buildings. At the time of Dave's injuries, his parents were tenants at Sheffield Square. The playground area where Dave's injuries occurred is located across from his parents' townhouse.

The physical attributes of the area where the injury occurred are not in dispute. The playground area is a common area built and maintained by Sheffield Square, the landlord/owner of the complex. The playground area is bordered on one side by a chain-link fence which encloses an adjoining tennis court. The opposite side of the playground is bordered by a carport structure constructed of a wood frame with metal sides and a metal roof. The carport is constructed in such a way that the sheet metal roof angles downward from front to rear with the lowest point facing and immediately adjacent to the playground. The sharp exposed exterior edge of the sloping metal roof ran horizontally across the entire width of the side of the playground, approximately 18–inches from the ground.

The material facts are also not in dispute. On October 17, 1993, Dave, his children and several relatives were visiting Dave's parents at their townhouse at Sheffield Square in New Albany, Indiana. During the course of the visit, Dave took his children and several of his nieces and nephews to the common area playground to pay kickball. While chasing the kickball, Dave collided with the sharp exposed leading edge of the carport roof. He sustained personal injuries consisting of a severe cut to his knee and lacerations of his quadriceps tendon.

Hutchens filed a three count complaint against Sheffield Square based in negligence and premises liability for the injuries Dave sustained. The third count of the complaint alleged loss of services on behalf of Rebecca Hutchens due to her husband's injuries. Sheffield Square filed its answer generally denying the allegations in Hutchens's complaint and later filed a motion for partial summary judgment as to Count II of the complaint. Count II specifically alleged that the sharp exposed leading edge of the sheet metal roofing constituted a dangerous or hazardous condition on the premises injurious to health within the meaning of I.C. 34–1–52–1 *et seq.* Relying exclusively on the complaint and answer, Sheffield Square maintained that it was entitled to judgment as a matter of law as to the nuisance claim because the nuisance statute is inapplicable.

In response, Hutchens filed a copy of the incident report filed by the resident manager of Sheffield Square, which specifically states that Dave cut his leg on the edge of the metal structure situated adjacent to the east side of the playground. Hutchens also filed his opposition to Sheffield Square's motion for partial summary judgment and designated the following materials in support of the motion: the pre-pretrial entry; the affidavits of Dave Hutchens and John Schroering; the incident report; and Defendant's answers to Plaintiff's request for admissions with interrogatory.

Formal hearing on the motion was waived and the matter was submitted to the trial court for a ruling. The trial court granted Sheffield Square's motion by docket entry and did not make specific findings of fact and conclusions of law. Hutchens moved for certification of the partial summary judgment and for entry of final judgment, which the trial court granted. Hutchens appeals.

## DISCUSSION AND DECISION
### Standard of Review

When reviewing the trial court's ruling on a motion for summary judgment, this court applies the same standard as the trial court. *American Family Mut. Ins. Co. v. Dye* (1994), Ind.App., 634 N.E.2d 844, 846, *reh'g denied, trans. denied.* Thus, no deference is given to the trial court's judgment. *Foreman v. Jongkind Bros., Inc.* (1993), Ind. App., 625 N.E.2d 463, 467, *reh'g denied.*

Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). When the parties do not dispute the facts material to the claim, our task is to determine whether the trial court correctly applied the law to the undisputed facts. *O'Neal v. Throop* (1992), Ind.App., 596 N.E.2d 984, 986, *trans. denied.*

On appeal, we will carefully scrutinize the trial court's determination to ensure that the non-prevailing party is not improperly denied his day in court. *Perryman v. Huber, Hunt & Nichols, Inc.* (1994), Ind. App., 628 N.E.2d 1240, 1243, *trans. denied.* We consider only the materials designated to the trial court to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. T.R. 56(C). We liberally construe all inferences and resolve all doubts in the non-movant's favor. *Id.* Summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use. *Place v. Sagamore Center, Inc.* (1992), Ind. App., 604 N.E.2d 671, 673, *trans. denied.*

### Nuisance I.C. 34–1–52–1 *et seq.*

In Count II of Hutchens's complaint, he specifically alleges that the sharp exposed leading edge of the sheet metal roofing of the carport "was and is a dangerous or hazard-

ous condition injurious to health, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, and was and is a nuisance within the definition and meaning of ... I.C. 34–1–52–1 *et seq.*" (R. 12). In its motion for partial summary judgment, Sheffield Square essentially argues that, as a matter of law, the nuisance statute does not apply to this case. First, Sheffield Square contends that Hutchens lacks standing to bring a nuisance action. Pursuant to I.C. 34–1–52–2 (1988), only a person whose property is injured may bring an action for nuisance, and Hutchens alleges a private nuisance. Second, Sheffield Square argues that even if Hutchens is permitted to bring an action in nuisance, the facts fail to establish that a nuisance exists. Hutchens maintains that a genuine issue of material fact exists: whether the exposed sheet metal edge of the carport constitutes a nuisance *per accidens*. Hutchens does not argue that the carport constituted a nuisance *per se*.

### A. Standing

█ Sheffield Square contends that Hutchens has no standing to bring an action based in nuisance because he had no proprietary interest in the premises on which his injuries occurred. We agree.

The tort of nuisance originated at common law and the statutory definition of nuisance has been unchanged since 1881. I.C. 34–1–52–1 (1988) defines nuisance as "[w]hatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action." I.C. 34–1–52–2 provides that "[s]uch action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance." I.C. 34–1–52–3 (1988) provides that "[w]here a proper case is made, the nuisance may be enjoined or abated, and damages recovered therefor."

Construing these statutes together, we have no hesitation in concluding that one must possess a proprietary interest in land in order to bring an action in private nuisance. Where, as here, a plaintiff has no proprietary interest in the land on which his or her injuries occur, the proper cause of action lies in premises liability and not in private nuisance.

### B. Existence of a Nuisance *Per Accidens*

█ Although we decide that Hutchens lacks standing to bring this action, we further find that even if he were a proper party, the facts fail to support a cause of action for nuisance. Nuisance can be either public or private. A public nuisance is one which affects an entire neighborhood or community, while a private nuisance affects only a single person or a determinate number of people. *Wernke v. Halas* (1992), Ind.App., 600 N.E.2d 117, 120. We have repeatedly stated that the essence of private nuisance is the use of property to the detriment of the use and enjoyment of another's property. *Id.;* *Friendship Farms Camps, Inc. v. Parson* (1977), 172 Ind.App. 73, 359 N.E.2d 280, 282; *Stover v. Fechtman* (1966), 140 Ind.App. 62, 222 N.E.2d 281.

█ Nuisance is further sub-divided into nuisance *per se* and nuisance *per accidens*. *Wernke,* 600 N.E.2d at 120. Hutchens does not argue that the facts alleged constitute a public nuisance or a nuisance *per se,* but rather argues that they amount to an actionable private nuisance *per accidens,* or private nuisance in fact. A nuisance in fact is not a nuisance of itself, but becomes a nuisance in the manner in which it is operated. *Sand Creek Partners, L.P. v. Finch* (1995), Ind.App., 647 N.E.2d 1149, 1152. An otherwise lawful use of land may become a nuisance *per accidens* by virtue of the circumstances surrounding the use. *Wernke,* 600 N.E.2d at 120.

In *Wernke,* in holding that the trial court erred in granting summary judgment we said that

[t]he conclusion that something is a *per accidens* nuisance is a conclusion to be reached only after a full review of the material facts. Summary judgment, which by definition is meant to resolve only with those cases lacking material factual disputes, is therefore rarely appropriate in *per accidens* nuisance cases.

*Id.* at 121 (we held that a fence and toilet seat placed on a pole so as to overlook abutting neighbors land was merely aesthetically displeasing and hence not a private nuisance); *See also Sand Creek Partners, L.P.,* 647 N.E.2d at 1152.

A factually analogous case is *Stover,* 222 N.E.2d at 281. In that case, plaintiff brought an action for loss of services of his wife who, while visiting friends at their leased premises, fell and sustained injury on allegedly defective stairs. Stover brought an action in negligence against the owner of the premises alleging that he was negligent in failing to repair or warn Mrs. Stover of the defects in the stairs. The trial court granted the owner's motion for a directed verdict, and on appeal we affirmed the trial court stating that a lessor has no duty to repair leased premises in the absence of an express covenant. In addressing the plaintiff's argument that the premises were leased with an existing nuisance and thus that the owner was responsible for injuries arising from such a nuisance, we recognized the nuisance exception to *caveat lessee* [1], but said:

> [t]he exact nature of this exception is difficult to discern. However, it can be no broader than the principles within nuisance concepts *per se.* The essence of a private nuisance is the fact that one party is using his property to the detriment of the use and enjoyment of the property of another.... Certainly no recovery in the facts at bar can be based on the theory of a private nuisance. The defect on the steps could not be taken as an interference with the *property* of Mrs. Stover. Consequently, there was no actionable private nuisance.

*Stover,* 222 N.E.2d at 284; *Demoss v. Coleman* (1966), 139 Ind.App. 346, 216 N.E.2d 861, *trans. denied.*

*Place,* 604 N.E.2d at 671, is another instructive case on the nuisance exception to the doctrine of *caveat lessee.* In *Place,* an employee of a former owner who was still in possession of the building under a lease-back agreement, brought a premises liability action against the current owner to recover for injuries sustained in a freight elevator accident. The trial court granted the owner's motion for summary judgment and we affirmed stating that because the owner did not have control over the premises, he owed no duty to the plaintiff. On appeal, the plaintiff argued, among other things, that his action could be sustained under the nuisance exception to *caveat lessee.* In rejecting this argument, we cited *Stover,* and said that because the defective elevator could not be considered as an interference with the property of the plaintiff, the suit could not be sustained under the nuisance exception. *Place,* 604 N.E.2d at 675.

The private nuisance cases that our research uncovers are factually similar to each other and consist of a landowner's use of his property to the detriment of the use and enjoyment of a neighboring landowner. *E.g., Wendt v. Kerkhof* (1992), Ind.App., 594 N.E.2d 795 (landowner brought nuisance action against neighboring hog farmers seeking damages and injunctive relief for odor emanating from farm); *Friendship Farms Camps,* 359 N.E.2d 280 (landowner brought nuisance action against neighboring landowner to enjoin the operation of a high school band camp because of the disturbing noise); *Bagko Development Co. v. Damitz* (1994), Ind.App., 640 N.E.2d 67 (landowner brought nuisance action against adjacent landowner seeking to enjoin use of baseball practice field and bright lights); *Keane v. Pachter* (1992), Ind.App., 598 N.E.2d 1067, *reh'g denied, trans. denied* (condominium owner brought nuisance action against upstairs neighbor based on noise due to upstairs owner's installation of marble flooring); *Muehlman v. Keilman* (1991), 257 Ind. 100, 272 N.E.2d 591 (landowner brought nuisance action against adjacent property owner seeking damages and to enjoin the neighbor from racing his semi trucks and revving their engines); *Yeager & Sullivan, Inc. v. O'Neill* (1975), 163 Ind.App. 466, 324 N.E.2d 846 (landowner brought action against adjacent landowner seeking damages and to abate the

---

**1.** The doctrine of *caveat lessee,* or let the lessee beware, essentially represents that a landlord who gives his tenant full control and possession of leased property will not be liable for the personal injury sustained by the tenant or other persons lawfully upon the leased property. *Place,* 604 N.E.2d at 674; *Dickison v. Hargitt* (1993), Ind.App., 611 N.E.2d 691, 694.

nuisance due to hog feed lot); *Wernke*, 600 N.E.2d at 117 (landowner brought nuisance action against adjacent landowner due to aesthetically displeasing decoration of yard involving a toilet seat and graffiti).

As is illustrated from the aforementioned cases, private nuisance is based on one party using his or her property to the detriment of the use and enjoyment of the property of another. Generally, the subject of the nuisance is offensive to one of the senses. Frequently, the nuisance is due to a repugnant odor, unreasonable noise or unsightly aesthetics. The defect that Hutchens alleges in the carport/playground does not create a cause of action based in private nuisance. These alleged defects cannot be said to interfere with the property of Hutchens.

Based on these cases and the clear import of *Stover* and *Place,* Hutchens claim for private nuisance fails as a matter of law. Although we recognize that cases based on nuisance in fact are seldom appropriate for disposition by summary judgment, the facts here represent the rare case where summary judgment is proper. *Stover,* 222 N.E.2d 281; *Place,* 604 N.E.2d 671.

### CONCLUSION

Considering all designated evidence in the light most favorable to Hutchens, the non-moving party, there is no genuine issue of material fact and Sheffield Square is entitled to judgment as a matter of law as to Count II of Hutchens's complaint. Accordingly, the trial court is affirmed.

Our holding today is in no way intended to interfere with Hutchens's claim based in negligence [2]. We hold only that Hutchens fails to state a cause of action based in nuisance.

Affirmed.

FRIEDLANDER, J., concurs.

CHEZEM, J., concurs as to issue A and concurs in result as to issue B.

---

**2.** Dave contends that he was a social guest and invitee on the premises and that he sustained personal injury as a direct and proximate result

of the landlord/owner's negligence in maintaining a safe common area.