MONON CORPORATION,
Appellant–Plaintiff,

v.

TOWNSEND, YOSHA, CLINE & PRICE, an Indiana Partnership, Townsend, Yosha, Cline, Farrell & Ladendorf, an Indiana Partnership, Henry J. Price, Earl C. Townsend, Louis Buddy Yosha, Irwin J. Prince, Kevin P. Farrell, William Levy, Lance D. Cline, Mark C. Ladendorf, Appellees–Defendants.

No. 49A02–9511–CV–675.

Court of Appeals of Indiana.

April 7, 1997.

Rehearing Denied June 3, 1997.

James A. Smith, Smith & Associates, Westfield, Lee F. Grossman, Grossman & Grossman, Chicago, IL, Jeffrey S. Wilson, Schaumburg, IL, for Appellant.

Robin L. Babbitt, Karl L. Mulvaney, Nana Quay–Smith, John G. Shubat, Bingham Summers Welsh & Spilman, Indianapolis, for Appellees.

## OPINION

ROBERTSON, Judge.

The Monon Corporation appeals the grant of summary judgment in favor of Townsend, Yosha, Cline & Price, an Indiana Partnership; Townsend, Yosha, Cline, Farrell & Ladendorf, an Indiana Partnership; Henry J. Price; Louis Buddy Yosha; Irwin J. Prince; Kevin P. Farrell; William Levy; Lance D. Cline; Mark C. Ladendorf; Teresa L. Todd (since dismissed by stipulation), and Lee C. Cristie (collectively, the Attorneys), in the Monon Corporation's lawsuit for damages for alleged legal malpractice. Monon presents the following issues:

I Whether Defendants can use incorporation as a professional corporation to shield them from liability in the face of Indiana Admission and Discipline Rule 27 which explicitly states that incorporation as a professional corporation does not modify the doctrine of liability of each for all.

II Whether the individual Defendants, who operated in the manner of a law partnership and held themselves out to Plaintiff and the public (including the courts) as a law partnership, and the partnerships they held out, are responsible for the alleged malpractice of Henry Price where the Defendants claim that they were actually part of a professional corporation which was kept hidden from Plaintiff and the public, and which did not comply with its corporate record-keeping obligations.

III Whether the trial court erroneously denied Plaintiff's motion to amend the complaint.

We reverse.

The purpose of summary judgment is to end litigation about which no factual dispute exists and which may be determined as a matter of law. *Flosenzier v. John Glenn Education Association,* 656 N.E.2d 864, 866 (Ind.Ct.App.1995), *trans. denied.* When we review a grant of summary judgment, we face the same issues as the trial court and carefully scrutinize the trial court's determination to ensure that the party which did not prevail was not improperly denied its day in court. *Id.* On appeal, the trial court's grant of summary judgment is clothed with a presumption of validity. *Id.* The appellants bear the burden to prove the trial court erroneously determined that no genuine issue of material fact exists and that the movants were entitled to judgment as a matter of law. *Id.* We liberally construe all inferences and resolve all doubts in the nonmovants' favor. *Id.*

The evidence most favorable to the Monon Corporation reveals that some of its employees left Monon to form a competitor, the Wabash National Corporation. In 1985, Monon retained Henry Price to represent the corporation in a lawsuit against Wabash and certain of its employees (Wabash I). The parties began to negotiate a release of claims, and Monon instructed Price that any formal agreement should not release Wabash from any future patent infringement claims related to a certain patent application Monon had filed in 1985. Despite the instruction, Price purportedly drafted a release which did so. The patent eventually issued to Monon in 1990, and Monon sued to enjoin Wabash for patent infringement and to recover damages (Wabash II). In Wabash II, the court determined that the prior release from Wabash I operated to bar Monon from the relief it sought.

When Monon retained Price, he was with the law firm of Barnes & Thornburg. Shortly thereafter, Price joined the firm of Townsend, Yosha, Cline & Price. He completed most of the work on Wabash I at the new firm and drafted the release there. Attorney Yosha practiced law at the firm but was the sole shareholder of the Louis Buddy Yosha, Professional Corporation. Regardless, the new firm used the name of Townsend, Yosha, Cline & Price on its letterhead, cards, listings, pleadings, and agreements. Price later left the firm, which subsequently became Townsend, Yosha, Cline, Farrell & Ladendorf. Since then, the firm and its members have changed several times.

Monon eventually sued Price for legal malpractice related to the allegedly faulty release. Monon attempted to include in the lawsuit all of the Attorneys related to the firm of Townsend, Yosha, Cline & Price during and after the time Price handled the Wabash I case. Monon claimed that Townsend, Yosha, Cline & Price was a partnership and that the partners and the partnership were vicariously liable for Price's malpractice. The Attorneys moved for summary judgment, which the trial court ultimately granted. Monon now claims that the trial court improperly granted summary judgment because the Attorneys were not entitled to judgment as a matter of law.

I

A partnership is an association of two or more persons to carry on as co-owners a

business for profit. Ind.Code 23–4–1–6(1). We note that the receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner of the business, but no such inference shall be drawn if such profits were received in payment as wages of an employee. I.C. 23–4–1–7(4)(b).

The doctrine of vicarious liability is an effect of the rule, applicable to all general partnerships, that each partner is the agent of the others. *Birt v. St. Mary Mercy Hospital of Gary, Inc.*, 175 Ind.App. 32, 370 N.E.2d 379, 383 (1977).

> That each partner is the agent of the firm while engaged in the prosecution of the partnership business, and that the firm is liable for the torts of each, if committed within the scope of his agency, appears to be well settled. It follows from the principles of agency, coupled with the doctrine that each partner is the agent of the firm, for the purpose of carrying on its business in the usual way, that an ordinary partnership is liable in damages for the negligence of any one of its members in conducting the business of the partnership.

*Id.* at 41, 370 N.E.2d at 384 (quoting *Hess v. Lowery*, 122 Ind. 225, 226–227, 23 N.E. 156). Monon first claims that the Attorneys may not use the Louis Buddy Yosha, Professional Corporation, to shield them from liability for Price's malpractice. Monon contends that the circumstances allow it to hold the Attorneys vicariously liable because lawyers cannot limit such liability due to Ind.Admission and Discipline Rule 27, which reads as follows:

> One or more lawyers may form professional service corporations for the practice of law under the Professional Corporation Act of 1983.

> \* \* \*

> (c) Incorporation by two (2) or more lawyers associated in the practice shall not modify any law applicable to the relationship between the person or persons furnishing professional services and the person receiving such services, including … liability of each for all, arising out of the professional services offered by one (1)

lawyer associated with others in the same corporation, as existed in a partnership for the practice of law.

The Attorneys claim that the provision does not apply here because the Louis Buddy Yosha, Professional Corporation, does not involve "incorporation by two (2) or more lawyers," in that Yosha was the sole incorporator and shareholder of the firm. The Attorneys claim that, as an individual lawyer, Yosha could implement a plan to limit liability for the malpractice of all lawyers with the corporation.

With regard to a professional corporation, I.C. 23–1.5–2–6 governs the extent to which a lawyer may enjoy limited liability:

> (a) An individual who renders professional services as an employee of a professional corporation is liable for any negligent or wrongful act or omission in which he personally participates to the same extent as if he rendered such services as a sole practitioner.

> (b) An individual who renders professional services as an employee of a professional corporation is liable for the conduct of other employees of the professional corporation under his direction or control to the same extent a sole practitioner would be so liable.

> (c) A corporation whose employees perform professional services within the scope of their employment or of their apparent authority to act for the corporation is liable to the same extent as its employees.

> (d) Except as otherwise provided by statute or by rule of the licensing authority, the personal liability of a shareholder of a professional corporation is no greater in any respect than that of a shareholder of a corporation organized under IC 23–1.

In the present case, the application of the statute depends upon the role of the Attorneys in the professional corporation.

If the Attorneys were shareholders of the professional corporation, then I.C. 23–1.5–2–6(d) controls the issue of liability of each for all. The statute provides that the personal liability of a shareholder of a professional corporation is no greater in any respect than

that of a shareholder of a traditional corporation except as otherwise may be provided "by rule of the licensing authority." I.C. 23–1.5–2–6(d). Our Admis.Disc.R. 27 qualifies as a rule of the licensing authority under the statute. Thus, by operation of Admis.Disc.R. 27, through I.C. 23–1.5–2–6(d), attorneys who are shareholders of a professional corporation are liable for the acts of each other in the same manner as they would have been as partners. In the present case, if the Attorneys are all shareholders of the professional corporation, then they are each liable for the acts of all and were not entitled to summary judgment. Of course, Monon claims that a genuine issue of material fact exists on the question of whether the corporation had only one shareholder.

If, however, the Attorneys were merely employees of the professional corporation, then liability depends upon the provisions of I.C. 23–1.5–2–6(a), (b), and (c), which do not contain an exception for a rule of the licensing authority. In the event that the Attorneys are not shareholders in the corporation, the statute does not adopt the notion of liability of each for all contained in Admis.Disc.R.27. Further, under those circumstances, Admis.Disc.R.27 does not independently create liability of each for all because such a situation does not involve "incorporation by two (2) or more lawyers." If the Attorneys are correct in their assertion that they are only employees of the professional corporation, then they are not each liable for the acts of all and are entitled to summary judgment.

As noted, Monon claims that a genuine issue of material fact exists on the question of whether the professional corporation had only one shareholder. The Attorneys submitted at least one document which shows that Louis Buddy Yosha was the sole shareholder of the corporation (R.149). Monon directs us to certain materials which it claims show the existence of a genuine issue of material fact about the number of shareholders: Louis Buddy Yosha expressed uncertainty about whether he was the only shareholder; the Attorneys did not produce any stock certificates or stock ledgers; and certain individual Attorneys acted like owners of the corporation in the way they set up their subsequent partnership. We conclude that none of this material raises the question of the number of shareholders to the level of a genuine issue. The designated materials show that the Attorneys were, at most, employees of the Louis Buddy Yosha, professional corporation. If the firm genuinely operated as a professional corporation, and not as a partnership, then the Attorneys were not each liable for the acts of all.

## II

Monon next contends that the record contains sufficient evidence from which the trier of fact could conclude that the firm of Townsend, Yosha, Cline & Price was a partnership, as opposed to a professional corporation. Monon therefore claims that a genuine issue of material fact exists in this case and that the trial court improperly granted summary judgment in favor of the Attorneys.

We agree that the record contains sufficient evidence and inferences from which the trier of fact could conclude that the firm of Townsend, Yosha, Cline & Price was a partnership. The firm here used the name of Townsend, Yosha, Cline & Price on its letterhead, cards, listings, pleadings, and agreements, without any language of limitation. Some of the Attorneys referred to each other as partners, or may have done so, and signed documents as partners. Also, although many of the Attorneys claimed to have operated under the Louis Buddy Yosha, Professional Corporation, Mr. Townsend claimed to have never heard of the corporation until Monon filed its lawsuit. In an attempt to clarify the bounds of the business relationship, Mr. Yosha answered the following:

Q Going back to '85 and '86 and through 1988 even, is it fair to describe Townsend, Yosha, Cline and Price as an association of lawyers? Would that be your understanding?

A I don't know what I would put on it. No, I said I told you before I can't tell you the label. I can tell you what it's not. If you say: Is it fair to say it? Yeah, that doesn't bother me. An association of lawyers, I don't know. I

couldn't dispute that and say, no, we weren't an association of lawyers.

Further, the Attorneys would take "draws" and receive "bonuses" based upon the fees which came into the firm.

Although the Attorneys indicate that the evidence shows they worked within the framework of the professional corporation, the evidence supports the view that they carried on as co-owners of a business for profit. We conclude a genuine issue of fact exists about whether the firm really was a partnership for the purposes of vicarious liability.

■ In support of its claim that the business was not a partnership, the Attorneys contend that the following portion of Indiana's statute excludes a corporation from the definition of a partnership:

(2) But any association formed under any other statute of this state . . . is not a partnership under this chapter.

I.C. 23–1–4–6. The Attorneys assert that the Louis Buddy Yosha, Professional Corporation, which was their employer, was an association formed under Indiana's statutes for the formation of professional corporations and that, therefore, the business was not a partnership under Indiana law.

■ For the purposes of the act, however, a "person" includes individuals, partnerships, limited liability companies, corporations, and other associations. I.C. 23–4–1–2. Under the statute, therefore, a corporation may be a partner in a partnership. A professional corporation is certainly a corporation and therefore may be a partner in a partnership. We conclude that the evidence most favorable to Monon supports the view that the professional corporation mentioned above was merely one partner in the partnership with the Attorneys.

■ Even so, Monon contends that the Attorneys would be estopped to deny either the existence of the partnership or their liability for Price's malpractice. Specifically, Monon claims it proved a partnership by estoppel, that is, that the Attorneys held themselves out as a partnership and that Monon relied upon their representations to its detriment. We note that:

The vital principle of an equitable estoppel is that of fraud. * * * The doctrine has no application where * * * the other party was not influenced by the acts asserted in estoppel. And in *Dudley v. Pigg, supra* [149 Ind. 363, 371, 48 N.E. 642 (1897) ], it was said:—'One who insists upon the acts of another working an estoppel must show that he acted upon the same, and was influenced thereby to do some act which would result in an injury if the other person is permitted to withdraw or deny the act.'

*Wilkerson v. Wood,* 81 Ind.App. 248, 254–255, 143 N.E. 166, 168 (1924) (no reliance upon appellants as partners and therefore no entitlement to an estoppel).

In the present case, Monon hired Price before he joined the firm of Townsend, Yosha, Cline & Price. Although it certainly kept Price as its lawyer despite his move to the new firm with new attorneys, Monon has not demonstrated that it acted upon any representations that the firm was a partnership such that it was "influenced thereby to do some act" in reliance on the representations. *See Wilkerson,* 81 Ind.App. at 255, 143 N.E. 166 (statement, 'I never made any different or new contract from the first one I made when I first came to Vincennes under the contract with Mr. Bullock. I played right along under the contract and the salary offered me by Mr. Bullock which I accepted.' did not show any act of reliance). Monon has identified sufficient evidence to support the conclusion that the firm in question was, in fact, a partnership but has not established that it is entitled to insist upon an estoppel.

Thus, a genuine issue of material fact exists about whether the firm really was a partnership for the purposes of vicarious liability. The trial court therefore improperly granted summary judgment to the Attorneys.

### III

■ Monon claims that the trial court erroneously denied its request to amend its complaint to add the Louis Buddy Yosha, Professional Corporation, and to add various later partnerships in which the Attorneys practiced law. In response, the Attorneys assert that the trial court did not abuse its discretion with the denial of the motion because the request was an untimely, second

request to amend the complaint. The record reveals that, less than two weeks after Monon had filed its complaint, counsel for the Attorneys informed counsel for Monon that its complaint was inaccurate because the "Townsend firm" listed in the complaint actually operated as the Louis Buddy Yosha, Professional Corporation. Monon moved to amend the pleadings more than two years later.

 Consistent with an underlying purpose to facilitate decisions on the merits and to avoid pleading traps, the Indiana Trial Rules generally implement a policy of liberal amendment of pleadings, absent prejudice to the opponent. *Kimberlin v. DeLong,* 637 N.E.2d 121, 128 (Ind.1994). A trial court is given broad discretion in this area; and amendment is permitted, even during trial, regardless of whether a change in the cause of action might result. *Id.*

Here, Monon claims that the denial of its motion to amend its complaint runs counter to the policy of liberal amendment of pleadings and that the Attorneys cannot demonstrate any prejudice which would support the denial of its motion. In response, the Attorneys claim that no partnership existed and that they worked solely for the Louis Buddy Yosha, Professional Corporation. These are the same claims the Attorneys have presented throughout the proceedings. They do not constitute the kind of prejudice which will prevent a liberal amendment of the pleadings.

Further, the Attorneys claim an amendment would be prejudicial because the statute of limitations has run and the amendment would not qualify for a relation back to the filing of the original complaint. Loss of the statute of limitations defense, however, is not the loss of a defense on the merits as contemplated by T.R. 15(C). *Soley v. Von-Keppel,* 656 N.E.2d 508, 511 (Ind.Ct.App. 1995). Again, we conclude that the Attorneys have not demonstrated the existence of the kind of prejudice which will prevent the liberal amendment of the pleadings.

Also, the Attorneys claim the amendment relates to subsequent partnerships which are not successors to the one alleged to have been responsible for Price's malpractice. The Attorneys claim that

"[a]dditional evidence as to the distinction between the entities would have been presented to the trial court if matters had progressed to that point. However, that never became necessary because any alleged successor liability, must, as a matter of law, be based upon the liability of the Louis Buddy Yosha, Professional Corporation, which was never a defendant."

With this claim, however, the Attorneys have not identified the sort of prejudice which would support the denial of the amendment as it relates to the professional corporation itself. Likewise, they would not be prejudiced by inclusion of the subsequent partnerships, which merely requires them to present additional evidence as to the distinction between the entities. Once again, the Attorneys have not demonstrated the existence of the kind of prejudice which will prevent a liberal amendment of the pleadings.

The Attorneys have offered various reasons why the entities listed in the amendment are not proper parties to the litigation. They still may prevail in the trial court if they utilize proper procedures. We simply conclude here that they have not established the sort of prejudice which will support the denial of a motion to amend. The trial court should have allowed the amendment.

## CONCLUSION

A genuine issue of material fact exists on the question of whether the firm here is a partnership or some other form of business. The Attorneys were not entitled to judgment as a matter of law on the question. Therefore, the trial court improperly granted summary judgment in favor of the Attorneys. Further, the Attorneys have not demonstrated the existence of the kind of prejudice which will prevent a liberal amendment of the pleadings. Therefore, the trial court abused its discretion when it denied the motion to amend the complaint.

Judgment reversed.

SHARPNACK, C.J., and DARDEN, J., concur.