Alice Jean SMITH and Richard Smith, Appellants–Plaintiffs,

v.

STANDARD LIFE INSURANCE COMPANY OF INDIANA, P.K. of Zionsville, Inc., Glenn W. Foster & Associates, Gary Keller d/b/a Grass Eaters Lawn Care, and Grass Eaters Lawn Care, Appellees–Defendants.

No. 06A01–9609–CV–293.

Court of Appeals of Indiana.

Oct. 31, 1997.

---

Paul S. Kruse, Anthony W. Patterson, Parr Richey Obremskey & Morton, Lebanon, for Appellants–Plaintiffs.

Todd J. Kaiser, Nicholas C. Pappas, Sandra Boyd Williams, Locke Reynolds Boyd & Weisell, Indianapolis, for Appellees–Defendants.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Alice Jean Smith ("Smith") slipped and fell on an icy sidewalk outside of Hook Drugs, Inc. ("Hook's"). Smith was an employee of Hook's at the time of her fall. She and her husband, Richard Smith, filed a complaint against Standard Life Insurance Company of

Indiana ("Standard Life"), the owner and lessor of the premises. The trial court entered summary judgment in favor of Standard Life, and Smith now appeals. The dispositive issue presented for our review is whether Smith, as an employee of the tenant, qualifies as a "third person" under the public use exception to the general rule of non-liability for landlords.

We affirm.

## FACTS

In 1979, Standard Life purchased a building from Hook's in Zionsville and immediately leased it back to Hook's. Under a twenty-year written lease, Standard Life surrendered complete possession and control of the entire premises to Hook's. Standard Life did not participate in the design or construction of the building, which was erected in 1975. Hook's sublet an area to Pizza King Village Station ("Pizza King"). Pizza King is located in a part of the building adjacent to and · set back from that part occupied by Hook's.

Hook's hired Smith in 1979, and she worked as a cashier in the Zionsville location continuously except for one four-month period. Smith would frequent Pizza King for lunch and always walked the same route. During Smith's employment, the manager of Hook's had consistently removed snow and ice from the sidewalk. Smith had also performed that task on occasion. However, Smith and her co-workers removed snow and ice only from the area directly in front of the Hook's store.

On February 23, 1993, Smith was injured when she slipped and fell on an icy area of the sidewalk between Hook's and Pizza King. Subsequently, Smith filed a complaint against several defendants, including Standard Life. Smith alleged that Standard Life had breached its duty of reasonable care when it knew or should have known at the time of the lease that a dangerous condition existed on the premises and was negligent because it had failed to remove accumulations of snow and ice from the sidewalk. Specifically, Smith alleged that a drain spout had directed water onto the sidewalk in· a concentrated area, which caused ice to form,

and that Standard Life either knew about or should have discovered the condition.

Standard Life filed a Motion for Summary Judgment, which the trial court granted. Smith now appeals.

## DISCUSSION AND DECISION

### Standard of Review

■ The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Monon Corp. v. Townsend,* 678 N.E.2d 807, 809 (Ind. Ct.App.1997), *trans. denied.* Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. *Id.* The movant bears the burden of establishing the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed in the light most favorable to the non-movant. *Ramon v. Glenroy Constr. Co.,* 609 N.E.2d 1123, 1127 (Ind.Ct.App.1993), *trans. denied.*

■ When reviewing a decision upon a motion for summary judgment, this court applies the same standard as the trial court. *Miller Brewing Co. v. Bartholemew Co. Beverage Co., Inc.,* 674 N.E.2d 193, 198 (Ind.Ct. App.1996), *trans. denied.* We stand in the shoes of the trial court and liberally construe all designated evidentiary material in favor of the nonmoving party. *Rotec, Div. of Orbitron, Inc. v. Murray Equip., Inc.,* 626 N.E.2d 533, 535 (Ind.Ct.App.1993). In order to prevail on appeal when a summary judgment motion has been granted in favor of an opposing party, the appealing party must establish the existence of a genuine issue of material fact from materials designated to the trial court. *Thompson v. Murat Shrine Club, Inc.,* 639 N.E.2d 1039, 1040 (Ind.Ct. App.1994), *trans. denied.* Where the facts are not in dispute, summary judgment is

inappropriate only when the fact-finder may reasonably draw conflicting inferences from the undisputed facts. *Nobles v. Cartwright,* 659 N.E.2d 1064, 1071 (Ind.Ct.App.1995).

## Premises Liability: General Rule of Non-Liability for Landlords

 Smith's complaint · alleges that Standard Life breached its duty of reasonable care when it knew or should have known of the dangerous condition at the time of the lease. Smith further asserts that Standard Life was negligent for failing to remove accumulations of snow and ice and for permitting the dangerous condition to continue. The tort of negligence is comprised of three elements: (1) a duty owed to the plaintiff, (2) a breach of that duty by the defendant, (3) which proximately causes the plaintiff's damage. *Pitcock v. Worldwide Recycling, Inc.,* 582 N.E.2d 412, 414 (Ind.Ct.App.1991). Whether a duty exists is a question of law for the court to decide. *Id.* The duty that a landlord owes to tenants or third parties lawfully upon the leased premises was discussed in *Rogers v. Grunden,* 589 N.E.2d 248 (Ind.Ct.App.1992), *trans. denied,* in which we stated:

> The law of this jurisdiction is clear; as a general rule, in the absence of statute, covenant, fraud or concealment, a landlord who gives a tenant full control and possession of the leased property will not be liable for personal injuries sustained by the tenant or other persons lawfully upon the leased property. Generally, once possession and control of property have been surrendered, a landlord does not owe a duty to protect tenants from defective conditions.

*Id.* at 254 (citations omitted).

 The parties do not dispute that Standard Life had relinquished complete possession and control of the premises to Hook's. Specifically, pursuant to the lease, Hook's accepted "the premises in their [sic] present condition" and agreed to "keep [it] in good condition and repair." Hook's also retained the right to alter the premises. Consequently, Hook's was responsible for the maintenance and repair of the building and typically dispatched its own maintenance workers to make improvements or repairs. Further, Hook's employees removed the snow and ice from the sidewalk, and the store manager made certain that the sidewalk in front of Hook's was clear of snow and ice prior to opening for business each day. Given these undisputed facts, under the general rule of non-liability for landlords, Standard Life did not owe Smith a duty.

## The Public Use Exception

Still, Smith asserts that summary judgment is precluded in that the "public use" exception to the general rule of landlord non-liability applies and creates a duty owed by Standard Life to Smith. Specifically, Smith maintains that Standard Life leased the property to Hook's for a public purpose and that a material issue of fact exists as to whether, at the time of the lease, a dangerous condition existed which rendered the premises unsafe for public use. Smith further alleges that Standard Life knew about or should have discovered the condition by the exercise of reasonable care. Finally, Smith contends that she qualifies as a "third person" protected by the public use exception.

 The public use exception, which we first recognized in *Walker v. Ellis,* 126 Ind. App. 353, 129 N.E.2d 65 (1955), *trans. denied,* provides:

> Where premises are leased for public or semi-public purposes, and at [the] time of lease[,] conditions exist which render premises unsafe for purposes intended, or constitute a nuisance, and landlord knows or by exercise of reasonable care ought to know of conditions, and a third person suffers injury on account thereof, landlord is liable, because [the] third person is there at invitation of landlord, as well as of tenant.

*Id.* at 73 (citations omitted). In order for the public use exception to apply, Smith must designate evidence of the following facts in the record: (1) the property was leased for a public purpose, (2) a condition existed at the time of the lease which rendered the premises unsafe and the landlord knew or should have known of the condition by the exercise

of reasonable care, and (3) a third person was injured because of the existing condition. *Id.* The parties dispute whether the premises were leased for a public purpose and whether Standard Life knew or should have known of the alleged dangerous condition. We need not consider whether these are disputed issues of material fact because the dispositive issue in this case is whether Smith qualifies as a "third person" under the public use exception.

### "Third Person" Requirement

In order to invoke the public use exception, Smith must demonstrate that as an employee of Hook's she qualifies as a "third person." Smith argues that she is a third person because she was injured on the sidewalk outside of the area occupied by Hook's. Standard Life counters that Smith was injured during the course of her employment and does not qualify as a third person under the exception. We agree with Standard Life.

In *Walker,* the leading Indiana case that discusses the public use exception, we recognized that a landlord may be liable to a "third person" when premises are leased for public use because the third person is there at the invitation of both the landlord and the tenant. *Walker,* 129 N.E.2d at 73. The plaintiff in *Walker* was a customer of the tenant. Here, in contrast, Smith was on the premises as an employee of Hook's and not at the invitation of Standard Life.

The parties dispute whether in *Place v. Sagamore,* 604 N.E.2d 671 (Ind.Ct.App.1992), *trans. denied,* we decided that an employee of the tenant did not qualify as a "third person" under the public use exception. Although we expressed our doubts that the exception applied, our decision in *Place* was based primarily on other grounds, namely, that Place had failed to allege any facts indicating that the landlord had leased the premises to Place's employer for a public purpose. *Id.* at 675. Thus, we consider this a case of first impression.

■ The definition of a third person on business premises that are open to the public is found in the Restatement (Second) of Torts:

b. "Third persons" include all persons other than the possessor of the land, or his servants acting within the scope of their employment. It includes such servants when they are acting outside of the scope of their employment, as well as other invitees or licensees upon the premises, and also trespassers on the land, and even persons outside of the land whose acts endanger the safety of the visitor.

RESTATEMENT (SECOND) OF TORTS § 344 cmt.b (1965). Both our supreme court and this court have previously relied on the Restatement (Second) of Torts in resolving premises liability questions. *See Burrell v. Meads,* 569 N.E.2d 637, 642 (Ind.1991) (incorporating Restatement (Second) of Torts § 332 in adopting the "invitation test" for use in determining who qualifies as an invitee in premises liability actions); *see also Frye v. Rumbletown Free Methodist Church,* 657 N.E.2d 745, 750 (Ind.Ct.App.1995) (adopting Restatement (Second) of Torts § 330 in determining that Indiana recognizes the privilege to enter another's land implied by custom). We agree with the Restatement (Second) of Torts § 344, comment b, and adopt the Restatement definition of who qualifies as a "third person" under the public use exception.

■ Smith argues that she is a "third person" because her injury occurred outside the area occupied by Hook's rather than inside the store. We are not persuaded by her argument. While Standard Life owns the premises, the lease gave Hook's complete possession and control. Regardless of the exact location where her injury occurred, Smith was on the premises controlled by Hook's when she was injured, and there is no dispute that she was acting within the scope of her employment at the time she sustained her injury. Thus, Smith is not a stranger to the lease and does not qualify as a third person under the Restatement (Second) of Torts § 344 definition.

We conclude that Smith has failed to meet the "third person" requirement of the public use exception, and, therefore, that the exception does not apply. Standard Life owes no duty to Smith under the exception. The trial

court did not err in granting summary judgment in favor of Standard Life.

Affirmed.

BAKER and KIRSCH, JJ., concur.